# EXHIBIT 2

Case No. 1:19-cv-00335-RM-KLM   Document 3   filed 02/08/19   USDC Colorado   pg 1 of 8

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br>Tel: 720-865-8301 | DATE FILED: November 13, 2018 3:55 PM<br>FILING ID: 8198637E3E396<br>CASE NUMBER: 2018CV34203 |
| Plaintiff: OPTIV SECURITY INC, a Delaware Corporation,<br><br>v.<br><br>Defendant: DEFINITION 6, LLC, a Georgia Limited Liability Company. | ▲ COURT USE ONLY▲ |
| Daniel E. Rohner, #27469<br>Shook, Hardy & Bacon LLP<br>1660 17th Street, Suite 450<br>Denver, CO 80202<br>Telephone: 303-285-5300<br>Facsimile: 303-285-5301<br>E-mail: drohner@shb.com | Case Number:<br><br>Courtroom/Division: |
| **COMPLAINT** | |

Defendant Optiv Security Inc., by and through its counsel, Shook, Hardy & Bacon L.L.P., hereby submits its Complaint against Defendant Definition 6, LLC ("Def 6") as follows:

## NATURE OF THE ACTION

1. Optiv Security Inc. ("Optiv") contracted with Def 6 to develop and build a state-of-the-art website that would increase site traffic, maximize customer/client engagement and increase leads. Despite significant delays, Def 6 still has not delivered the agreed features and functionality to accomplish the agreed goals. Rather, Def 6 effectively delivered Optiv's current, antiquated website and simply repurposed it into a new design with no functional improvements. Pursuant to the express terms of the parties' contracts, Optiv seeks return of the amounts it has already paid Def 6 for the non-working site, as well as damages resulting from delay, increased costs and lost business.

## PARTIES

2. Plaintiff Optiv Security Inc. ("Optiv") is a Delaware corporation with its principal place of business at 1144 15th Street, Suite 2900, Denver, Colorado 80202. Optiv offers

comprehensive cyber security solutions on a nationwide basis, including managed security, enterprise consulting, and cyber threat management. Optiv markets its services through numerous channels, including through its website.

3. Defendant Definition 6, LLC is a Georgia Limited Liability Company with its principal place of business at 420 Plasters Avenue, Atlanta, GA 30324.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Def 6 pursuant to C.R.S. § 13-1-124(1)(a) and U.S. Const., Amendment 14 because Def 6 has transacted business within the State of Colorado and has minimum contacts with Colorado such that maintenance of this action does not offend traditional notions of fair play and substantial justice. In addition, Def 6 submitted to the jurisdiction of this Court by executing the Vendor Services Agreement referenced below that provides that the "exclusive jurisdiction for any lawsuit or action . . . will be the state or federal courts of the State of Colorado."

5. Venue is proper in the City and County of Denver because Plaintiff Optiv resides in Denver, Defendant is a non-resident of this State and Defendant submitted to the jurisdiction of this Court by executing the Vendor Services Agreement referenced below that provides that the "exclusive jurisdiction for any lawsuit or action . . . will be the state or federal courts of the State of Colorado."

## FACTUAL BACKGROUND

6. Optiv hired Def 6 develop, build and deploy a new company website.

7. Optiv and Def 6 executed two interrelated agreements; an October 25, 2017 Vendor Services Agreement ("VSA") and an April 26, 2018 Phase 1 Website Build Memorandum of Engagement ("MOE"). The VSA and the MOE are collectively referred to as the "Agreement."

8. Initially, Optiv paid Def 6 $55,000 for strategy and planning activities to develop the expectations and required outcomes for the website. Based on those discussions and agreements, the MOE set out specific services, products, expectations and timelines for Def 6 to design, build, test, launch and deploy the new website for Optiv. Optiv paid Def 6 an additional $123,962.50 upon execution of the MOE.

9. Among other things, Def 6 was to (i) build and implement ten component-based templates for the site set forth in Exhibit A to the MOE, (ii) create header and CTA copy, migrate pre-identified blog content into a new Drupal platform, (iii) properly test the design and functionality of the site, (iv) perform quality assurance (QA) on the site, (v) implement launch planning and communication strategy for the new site; and (vi) deploy the site within the specific timeframe set forth in the MOE (collectively the "Phase 1 Website Build").

2

10. Def 6 has repeatedly failed to deliver the required services and products within the timeline contemplated by the parties.

11. The June 25, 2018 delivery date for the completion of the Phase 1 website build-out has been delayed repeatedly due to Def 6's numerous breaches of contract including:

   a. Def 6's unilateral introduction of changes to the website to which Optiv did not agree;

   b. Def 6's failure to complete tasks specifically required by the MOE;

   c. Def 6's delivery of incomplete and deficient templates, which often required Optiv employees to redo Def 6's work, in many cases multiple times because Def 6 often deleted the work previously corrected by Optiv; and

   d. Def 6's repeated failure to deliver basic and industry standard website functions, let alone the contracted advanced functions.

12. Based on the parties' agreement that the site would be built on the Acquia Drupal 8 platform, Optiv purchased Acquia Lift beginning in March 2018 at a cost of over $50,000. Contrary to the Agreement, Def 6 did not build the website for personalized content. Thus, Optiv is currently unable to utilize the Acquia Lift Platform tools.

13. One of the primary drivers for Optiv's creation of a new website was to integrate advanced marketing functionality including Marketo, SF, Social and On24. Contrary to the Agreement, Def 6 failed to deliver such functionality, including but not limited to the required "two way" Marketo integration that would have allowed Optiv to utilize the Acquia Lift Platform.

14. Def 6's failure to properly integrate social media capabilities also increased Optiv's costs. For example, Def 6 failed to properly transfer all of the OG tags (*i.e.*, social data for sharing on Facebook, LinkedIn, Twitter, Etc.) in the migrated website pages. As a result, Optiv was required to manually add the data, to hundreds of pages, at considerable cost.

15. Def 6's content organization and CMS tagging was also below industry standards. Under the Phase 1 requirements of the MOE, Optiv was to have the option to either select assets/content or have the assets/content auto-populated. Contrary to the contract requirements, Def 6's auto-population does not work consistently across all pages.

16. Def 6 failed to provide required imagery for the website. As a result, Optiv was forced to handle, or purchase, 90% of the website graphics, which took Optiv employees off other assignments/projects resulting in delays to other projects and lost revenue, and increased costs.

3

17. Def 6's work was untimely. The parties agreed that launching the website quickly was a top priority. Def 6 represented that the site could be launched by April 2018 and would be launched by the end of June at the latest. However, as of the filing of this lawsuit, the website is still not ready for launch. In addition, through Optiv's independent work to make the site ready for public launch Optiv has discovered numerous coding errors and gaps that leave the site insecure, and unmanageable.

18. In a phone call with Peter Evans on June 15, 2018 (which was ten days before the site was to have launched) Def 6's Managing Director Jason Rockman agreed that the website had "key problems" that were not yet resolved. One month later, on July 18, 2018, Mr. Rockman agreed in a face-to-face meeting that the project still was not done. Despite its acknowledgment that the site was not complete or working properly, Def 6 has refused to refund the payments made by Optiv or compensate Optiv for its increased costs and other damages. Incredibly, Def 6 has submitted change orders (which Optiv never approved) seeking more than $52,000 in additional compensation. Incredibly, the requested change orders are for work to correct Def 6 originated mistakes and failures on the website.

19. In sum, Def 6 failed to deliver the content and capabilities agreed to as the "outcome" of the Phase 1 development of the website. Thus, Optiv has already paid Def 6 over $175,000 for products and services Def 6 never provided, incurred significant internal and external costs in efforts to address the deficiencies in Def 6's work, is now required to engage a new vendor (at an estimated cost of at least $92,000) to complete the work within the scope of the Agreement, and has incurred substantial damages resulting from loss of business due to the delays and deficiencies in Def 6's work.

20. In addition to the increased costs to Optiv resulting from Def 6's delayed and shoddy work, which Optiv estimates to be in excess of $230,000, Optiv has also sustained significant damages caused by the delay. Optiv estimates the loss of increased conversion rate and volume that Def 6 was supposed to deliver with the new/improved website at $472,500 per month. Thus, Optiv's total damages to date are well in excess of $3,000,000.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

21. Optiv incorporates its allegations in Paragraphs 1-19 above as if fully restated herein.

22. Optiv and Def 6 are parties to a valid contract, supported by mutual consideration, wherein Def 6 was to develop and design Optiv's new website. The Contract documents include (1) the Vendor Service Agreement dated October 25, 2017; and (2) the Phase 1 Website Build Memorandum of Engagement dated April 26, 2017.

4

23. The MOE provided that Def 6 would be paid a flat fee of $247,925 for the Phase 1 Website Build, with fifty percent (50%) paid upon execution of the MOE and the remaining 50% paid upon deployment of the completed website. The MOE further provided that payment was to be made "as provided in the Vendor Services Agreement."

24. As set forth in detail above, Defendant Def 6 failed and refused to honor its contractual obligation to complete the design and development of a working website consistent with the requirements in the MOE. Consequently, Def 6 also failed to deploy the new website within the time parameters set forth in the MOE.

25. Optiv has been damaged by Def 6's failure to complete the website, including but not limited to the amounts already paid by Optiv to Def 6 for the incomplete, defective and non-working website, which total over $175,000.

26. In addition to its right to recover the damages owed by Def 6, Optiv is also entitled to an award of attorney's fees, expert witness fees and out-of-pocket costs for this litigation.

27. At all times, Optiv performed its obligations under the parties' contract.

WHEREFORE, Optiv asks for Judgment against Plaintiff on Count I of its Complaint and for the Court to award it damages in an amount to be proven at trial, applicable interest, costs, reasonable attorney fees, and all other relief the Court deems just.

## SECOND CLAIM FOR RELIEF
**(Indemnification)**

28. Optiv incorporates its allegations in Paragraphs 1-26 above as if fully restated herein.

29. Section 8 of the VSA provides that Def 6:

[W]ill indemnify, protect, defend and hold harmless Optiv and Optiv's affiliates, shareholders, directors, officers, employees and agents (collectively, "Indemnified Parties") from and against, and to reimburse the Indemnified Parties for any and all claims, obligations, liabilities, damages, **losses, costs and expenses** (including without limitation attorney's fees and expenses (collectively "Damages") **arising from, resulting from or relating to any breach, deficiency, inaccuracy, inadequacy of or any failure by the Company or its employers, subcontractors or agents to perform any obligation or covenant required by this Agreement**, or any act or omission of the Company or its employees, subcontractors or agents.

5

30. As a direct result of Def 6's breaches of contract and Def 6's failure to timely deliver the Phase 1 website contemplated by the Agreement, Def 6 has incurred internal and external losses, costs and damages including but not limited to: employee costs for time spent correcting and/or supplementing work that was to be performed by Def 6, yearly cost for the unused Acquia Lift platform license, anticipated costs to have new vendor complete the project, loss of business as a result of decreased conversion rate and volume from website.

31. Pursuant to the express terms of Section 8 of the VSA, Def 6 has an immediate obligation to indemnify Optiv from and against all "damages, losses, costs and expenses" arising from or related to Def 6 breaches of contract and failure to perform the obligations of the Agreement.

32. Optiv is not in breach of the Agreement and has performed all conditions precedent to obtaining indemnification. To date, Def 6 has refused to reimburse Optiv for its losses.

33. Optiv has been damaged by Def 6's breaches of contract.

34. In addition to its right to recover the damages owed by Def 6, Optiv is also entitled to an award of attorney's fees, expert witness fees and out-of-pocket costs for this litigation

WHEREFORE, Optiv asks for Judgment against Plaintiff on Count II of its Complaint and for the Court to award it damages in an amount to be proven at trial, applicable interest, costs, reasonable attorney fees, and all other relief the Court deems just.

## JURY DEMAND

Optiv demands a jury on all issues so triable.


Dated: November 13, 2018         */s/ Daniel E. Rohner*
                                 Daniel E. Rohner, #27469
                                 Shook, Hardy & Bacon LLP
                                 1660 17th Street, Suite 450
                                 Denver, CO 80202
                                 Telephone: 303-285-5300
                                 Facsimile: 303-285-5301
                                 E-mail: drohner@shb.com

                                 Mark Tatum (*pro hac vice* pending)
                                 Shook, Hardy & Bacon L.L.P.
                                 2555 Grand Blvd.
                                 Kansas City, MO 64108-2613

Telephone: 816-474-6550
Facsimile: 816-421-5547

*Attorneys for Plaintiff*