IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-00335-RM-KLM

OPTIV SECURITY, INC., a Delaware Corporation,

    Plaintiff,

v.

DEFINITION 6, LLC, a Georgia Limited Liability Company,

    Defendant.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") (ECF No. 40) to deny Defendant's Motion to Dismiss Plaintiff's Second Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 11). Defendant filed an objection, in part, to the Recommendation, to which Plaintiff filed a response. The matter is ripe for resolution.

### I.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.    ANALYSIS

Plaintiff alleges it contracted with Defendant to develop and build a state-of-the-art website that would increase site traffic, maximize customer/client engagement, and increase leads. The parties' contract consisted of a Vendor Service Agreement (the "VSA") and Memorandum of Engagement. The VSA contains an indemnification provison.

Unfortunately, according to Plaintiff, Defendant failed to deliver. Thus, this lawsuit followed with Plaintiff raising claims for breach of contract and indemnification under the VSA. Defendant moved to dismiss the second claim based on two arguments: Plaintiff's failure to adequately plead lost profits; and the VSA prohibits Plaintiff's claim for indemnification because the indemnification provision applies to claims asserted *by a third-party* against indemnitee (Plaintiff) and not to claims based on injuries allegedly suffered directly by the indemnitee (i.e.,

first-party indemnification).  The Magistrate Judge found Plaintiff's second claim was sufficiently pled and the VSA applied to first-party indemnification.  Defendant's objection followed.

Defendant's objection does not challenge the recommendation that Plaintiff's second claim was sufficiently pled.  Upon review, the Court finds no clear error and accepts this recommendation.

Defendant's objection does, however, challenge the recommendation that the VSA's indemnification provides for first-party indemnification.  Defendant raises a number of arguments to support its objection such as, for example, that the Recommendation's construction would render § 9 of the VSA[1] meaningless and would render a commercially unreasonable result.  They are the same arguments previously raised and considered in the Recommendation.  The Court has considered all of Defendant's objections but is not persuaded.

As Defendant acknowledges, under Colorado law, the proper construction of a contract is a question of law for the court.  *City of Aurora v. ACJ P'ship*, 209 P.3d 1076, 1085 (Colo. 2009).  "In construing a contract, [the court's] primary goal is to determine and give effect to the intent of the parties," as shown by the language in the contract.  *Klun v. Klun*, 442 P.3d 88, 92 (Colo. 2019).  Upon consideration of the language in the provisions at issue in the VSA, the Court agrees with the Recommendation and its analysis and, accordingly, accepts them.  Accordingly, Defendant's objection is overruled.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the Recommendation of United States Magistrate Judge (ECF No. 40) is
    ACCEPTED and ADOPTED as an order of this Court;

---

[1] Section 9 of the VSA is the "Limitation of Liability" provision.

(2) That Defendant's Objection to the Recommendation of the Magistrate Judge on Defendant's Motion to Dismiss Plaintiff's Second Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 41) is OVERRULED; and

(3) That Defendant's Motion to Dismiss Plaintiff's Second Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 11) is DENIED.

DATED this 17th day of September, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge